# United States District Court
## Violation Notice

FY-20

| Violation Number | Officer Name (Print) | Officer No. |
|---|---|---|
| 1764605 | K. Suter | 11046 |

1764605

### YOU ARE CHARGED WITH THE FOLLOWING VIOLATION

| Date and Time of Offense (mm/dd/yyyy) | Offense Charged ☐ CFR ☐ USC ☐ State Code |
|---|---|
| 08/19/2017 | 18 USC 113 (A)(4) |

Place of Offense
Onboard Spirit (N174) Dept Airport FL

Offense Description
Simple Assault within special maritime and taritorial jurisdiction of US

### DEFENDANT INFORMATION   Phone: (   )   -

| Last Name | First Name | M.I. |
|---|---|---|
| Yenni | Musa | |

Street Address
21 Lockwood Rd

| City | State | Zip Code | Date of Birth (mm/dd/yyyy) |
|---|---|---|---|
| Scarsdale | NY | 10583 | 10/20/58 |

| Drivers License No. | D.L. State | Social Security No. |
|---|---|---|
| 389 530 671 | NY | |

☑ Adult ☐ Juvenile  Sex ☑ Male ☐ Female  Hair Brn  Eyes BL  Height 5-10  Weight

### VEHICLE DESCRIPTION   VIN:

| Tag No. | State | Year | Make/Model | Color |
|---|---|---|---|---|

A ☑ IF BOX A IS CHECKED, YOU MUST APPEAR IN COURT. SEE INSTRUCTIONS (on back of yellow copy).

B ☐ IF BOX B IS CHECKED, YOU MUST PAY AMOUNT INDICATED BELOW OR APPEAR IN COURT. SEE INSTRUCTIONS (on back of yellow copy).

| | $ | Forfeiture Amount |
|---|---|---|
| | | + $25 Processing Fee |
| PAY THIS AMOUNT → | $ | Total Collateral Due |

### YOUR COURT DATE
(If no court appearance date is shown, you will be notified of your appearance date by mail.)

| Court Address | Date (mm/dd/yyyy) OCT 24 2017 |
|---|---|
| | Time (hh:mm) |

My signature signifies that I have received a copy of this violation notice. It is not an admission of guilt. I promise to appear for the hearing at the time and place instructed or pay the total collateral due.

X Defendant Signature   Musa

---

CVB SCAN AUG 30, 2017 13:28

## STATEMENT OF PROBABLE CAUSE
(For issuance of an arrest warrant or summons)

I state that on _____, 20_____ while exercising my duties as a law enforcement officer in the _____ District of _____

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

The foregoing statement is based upon:

☐ my personal observation   ☐ my personal investigation

☐ information supplied to me from my fellow officer's observation

☐ other (explain above)

I declare under penalty of perjury that the information which I have set forth above and on the face of this violation notice is true and correct to the best of my knowledge.

Executed on: _____
Date (mm/dd/yyyy)   Officer's Signature

Probable cause has been stated for the issuance of a warrant.

Executed on: _____
Date (mm/dd/yyyy)   U.S. Magistrate Judge

## STATEMENT OF PROBABLE CAUSE

I, K. SUTER, have been employed as a TASK FORCE OFFICER of the
Federal Bureau of Investigation (FBI) for approximately two and-
a-half years.  Since May of 2015, I have been assigned to the
John F Kennedy International Airport Resident Agency of the FBI,
where I investigate violations of Federal law which occur within
the airport environment and on board aircraft.  Title 49 United
States Code, Section 46501 establishes the Special Aircraft
Jurisdiction of the United States and gives the federal
government jurisdiction in all criminal matters occurring on any
civil aircraft of the United States while in flight regardless
of departure or arrival location.

This statement of probable cause is in support of a violation
notice against Musa YENNI for violation of Title 18, United
States Code, Section 113 (A)(4), Assault, which occurred on
8/19/2017 while aboard Spirit Airlines flight 174, originating
in Florida/United States and arriving at John F. Kennedy
International Airport ("JFK"), Queens, New York.  This is within
the special maritime and territorial jurisdiction of the United
States.

The facts set forth in this Statement of Probable Cause are
based on my personal observations, my training and experience,
and information obtained from other law enforcement
officers/agents and witnesses.  This document is intended to
show that there is sufficient probable cause for the requested
violation notice and does not allege to set forth all of my
knowledge of the investigation regarding this matter.

### BACKGROUND

Title 18, United States Code, Section 113 states "Whoever,
within the special maritime and territorial jurisdiction of the
United States is guilty of an assault shall be punished as
follows."  Section 113(a)(4) states "Assault by striking,
beating, or wounding, by a fine under this title or imprisonment
for not more than six months, or both."

At the time of the incident, Spirit Airlines flight 174, flying
from Fr. Lauderdale Florida to JFK, New York, was in the special
aircraft jurisdiction of the United States.  Musa YENNI was a
passenger on Spirit Airlines Flight 174.

As I explain below, I believe that YENNI violated Title 18
U.S.C. ' 113(a)(4) assault, by inappropriately touching and
squeezing/groping a passenger on board Spirit Airlines flight

174, en-route to JFK.

**SUMMARY OF PROBABLE CAUSE**

1.    On 8/19/2017, the on call duty agent assigned to the FBI's JFK Resident Agency, responded to Terminal B at LGA following the notification of an assault/inappropriate touching which occurred on board Spirit Airline Flight 174 en-route to JFK.

2.    On 8/19/2017, I interviewed                       , a passenger, on Spirit Airline flight 174.  I          ' explained the following:

   a.            was seated in 28B, the middle seat, beside her
      boyfriend, later identified as Charlton ENOC, who was
      seated in the window seat, 28A.  Soon after flight 174
      took off from Ft. Lauderdale,  the male passenger
      seated next to her in 28C, later identified as Musa
      YENNI, began rubbing the outside of her right thigh with
      the outside of his hand.  ⌐‾‾‾‾‾‾‾‾‾ initially thought
      that YENNI was adjusting himself in his seat.  However,
      as the flight continued on,          observed that
      YENNIS's hand was constantly on her side of the arm rest
      and would occasionally rub her thigh.  Towards the end of
      the flight, YENNI squeezed the outside of her thigh.
               showed the writer a video that she took of
      YENNI rubbing the outside of her thigh with his left
      hand, while holding and moving a blanket with his right
      hand to cover the actions of his left hand.

3.    On 8/19/2017, I interviewed Charlton ENOC, a passenger on Spirit Airline 174.  ENOC explained the following:

   a. ENOC confirmed that he was on Spirit Airline flight 174
      with his girlfriend, l          , and seated in the window
      seat, 28A.  ENOC confirmed that          was seated in
      28B and the YENNI, who they had no relation to, was
      seated in the aisle seat, 28C.

4.    On 8/19/2017, I interviewed Musa YENNI, a passenger on Spirit Airline Flight 174.  After being advised of his Miranda rights and agreeing to answer questions without an attorney (witnessed by PAPD DET. P. Tysowski), YENNI explained the following:

   a. YENNI confirmed that he was seated in 28C, an aisle seat.
      Seated beside him was a female passenger.  The flight was

very tight with limited space.  Due to the lack of space
on the flight, there were times during the flight where
there was contact between himself and _____, but no
deliberate contact.  When asked if he deliberately rubbed
the           's leg, YENNI responded with, "No."

5.    On 8/19/2017, I spoke with the duty Assistant United States
Attorney for the Eastern District of New York, Turner Buford.
After discussing the facts and circumstances of the incident on
board Spirit Airlines 174, including the video taken by
LAFONTANT, AUSA Buford concurred that a summons should be issued
to YENNI for violation of Title 18 United States Code, Section
113(a)(4).

6.    Based on the foregoing, I believe there is probable cause
to believe that YENNI violated Title 18 U.S.C. ' 113(a)(4)
Simple assault, by inappropriately touching and squeezing
L_____'s thigh on board Spirit Airline flight 174, en-route
to JFK.

Dated: 8/21/17

Krister Suter
Task Force Officer-FBI

3